THE STATE OF OHIO, APPELLEE, *v.* BASHAM, APPELLANT.

(No. C-880226—Decided August 9, 1989.)

*Terrence R. Cosgrove,* city pro-secutor, and *Charles A. Rubenstein,* for appellee.

*Kelley, Grossheim & Bavely* and *E. Hanlin Bavely,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Hamilton County Municipal Court.

Defendant-appellant, Raymond B. Basham, a truck driver, appeals from his conviction for the offense of pass-ing through a tunnel with a flammable load in violation of R.C. 4921.32. In his two assignments of error he contends that: (1) R.C. 4921.32 involves an un-constitutional delegation of legislative power to the Public Utilities Commis-sion of Ohio ("PUCO"), and (2) Ohio Adm. Code 4901:2-5-02, governing the transportation of hazardous materials by truck and incorporated in the statute, is overbroad. The assignments of error are not well-taken.

Appellant was operating an eighteen-wheel tractor and semitrailer for Matlock Incorporated on south-bound Interstate 71 in Cincinnati, Ohio. His truck was marked with a placard indicating that it was trans-porting hazardous and flammable materials. After he drove the truck through downtown Cincinnati's Lytle Tunnel, a police officer stopped him

and issued a citation for passing through the tunnel with a flammable load in violation of R.C. 4921.32.

The appellant's motion to dismiss addressing the alleged unconstitutionality of R.C. 4921.32 was overruled and, upon a no-contest plea, the trial court found him guilty as charged and fined him $50 plus court costs. This appeal followed.

Appellant's first assignment of error maintains that the trial court should have granted his motion to dismiss because his prosecution was the result of an unconstitutional delegation of legislative authority through PUCO. R.C. 4921.32, in pertinent part, states:

"No * * * employee of a motor transportation company * * * shall violate, * * * or fail to comply with any order, decision, rule, or regulation of the public utilities commission * * *."

Pursuant to Ohio Adm. Code 4901:2-5-02, PUCO, in turn, has adopted the following:

"[A]ll United States Department of Transportation regulations concerning * * * interstate transportation of hazardous materials by motor carriers for the purpose of enforcing such regulations against motor carriers operating in Ohio while engaged in interstate commerce * * *."

The United States Department of Transportation regulation applicable to appellant's situation states:

"*Unless there is no practicable alternative,* a motor vehicle which contains hazardous materials must be operated over routes which do not go through * * * tunnels * * *." (Emphasis added.) Section 397.9, Title 49, C.F.R.

Appellant argues that the delegation of the authority to regulate interstate commerce from the Ohio Legislature to PUCO to the United States Department of Transportation is offensive to the separation-of-powers doctrine of Section 1, Article II of the Ohio Constitution. This contention lacks merit. R.C. 4921.03 provides that the policy of Ohio in reference to its regulation of motor transportation carriers is to regulate transportation by common and contract carriers, to promote adequate and efficient service by motor carriers, to develop and preserve a highway transportation system properly adapted to the needs of commerce and the state, and to cooperate with the federal government in the administration and enforcement of R.C. Chapter 4921. To implement this policy the legislature provided in R.C. 4921.04[1] that PUCO should have the power to supervise and regulate each motor transportation company, and to prescribe safety regulations on established routes. Additionally, as noted *supra,* R.C. 4921.32 prohibits noncompliance with the rules and regulations promulgated by PUCO.

It is well-settled that the legislature may delegate quasi-legislative power to an administrative agency to effectuate those policies and standards that the legislature has clearly defined. *Belden* v. *Union Central Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E. 2d 629. In *Belden,* at paragraph three of the syllabus, the Ohio Supreme Court stated that:

"It is no violation of the constitutional inhibition against the delegation of legislative power for the General Assembly to establish a policy and fix standards for the guidance of administrative agencies of government while leaving to such agencies the making of subordinate rules within those fixed standards and the determination of facts to which the legislative policy applies."

---

[1] These are provisions of R.C. 4921.04 that were in effect at the time of Basham's September 1987 offense.

In the case *sub judice,* R.C. 4921.03, 4921.04, and 4921.32 sufficiently set forth the legislature's policy and standards regarding PUCO's authority to regulate motor transportation carriers. Accordingly, under the authority of *Belden, supra,* incorporation by PUCO of the United States Department of Transportation's regulations is not offensive to the Ohio Constitution, and appellant's first assignment of error is overruled.

For his second assignment of error, appellant contends that an alleged conflict between Section 177.853, Title 49, C.F.R. and Section 397.9, Title 49, C.F.R. renders overbroad R.C. 4921.32 (which, as previously discussed, adopts these and other Department of Transportation regulations via Ohio Adm. Code 4901:2-5-02), leaving a citizen unable to govern his conduct to conform to the law. We disagree.

Section 177.853(a), Title 49, C.F.R. provides in part:

"* * * All shipments of hazardous materials shall be transported without delay * * *."

Section 397.9(a), Title 49, C.F.R. provides in part:

*"Unless there is no practicable alternative,* a motor vehicle which contains hazardous materials must be operated over routes which do not go through or near heavily populated areas * * * [or] tunnels * * *." (Emphasis added.)

These provisions do not conflict. Although the operator of a vehicle carrying hazardous material must proceed to his destination without delay, he is also obligated to avoid tunnels. Thus, it was reasonable for the trial court to have concluded that taking a circuitous route to avoid a tunnel would not constitute a "delay," as contemplated by Section 177.853(a), Title 49, C.F.R.

Additionally, appellant's assertion that some type of advance notice must be posted on the route regarding the restrictions which accompany the transporation of hazardous materials is without merit. A carrier receives adequate notice of the various restrictions through R.C. 4921.32, which prohibits noncompliance with rules and regulations promulgated by PUCO. Appellant's second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., DOAN and GORMAN, JJ., concur.